IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 9, 2020

## STATE OF TENNESSEE v. ELGENE K. PORTER

**Appeal from the Circuit Court for Rutherford County**
No. F-61561-A      Barry R. Tidwell, Judge

—————————————————————

**No. M2020-00522-CCA-R3-CD**

—————————————————————

The Petitioner, Elgene K. Porter, acting pro se, appeals the summary dismissal of his "Motion to Correct and/or Amend Sentence" pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. Upon our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Elgene K. Porter, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In July 2009, a Rutherford County Circuit Court jury convicted the Petitioner of conspiracy to commit aggravated burglary, attempted aggravated robbery, aggravated burglary, two counts of aggravated kidnapping, and aggravated rape. The Petitioner was sentenced to three years at thirty percent for the conspiracy to commit aggravated burglary conviction, five years at thirty percent for the aggravated burglary conviction, five years at thirty percent for the attempted aggravated burglary conviction, ten years at one hundred percent for each aggravated kidnapping conviction, and twenty-two years at one hundred percent for the aggravated rape conviction. The sentences for aggravated kidnapping and aggravated rape ran consecutive to one another, with all other counts running concurrent to each other, for an effective sentence of forty-two years.

The Petitioner's convictions and sentences were affirmed on direct appeal. State v. Elgene Porter, No. M2009-02443-CCA-R3-CD, 2011 WL 915673, at *1 (Tenn. Crim. App. Mar. 14, 2011), perm. app. denied, (Tenn. May 25, 2011). The Petitioner argued, in part, that the trial court erred in its application of various enhancement factors and that, as a result, the trial court erred in setting the length of his sentences and ordering partially consecutive sentencing. Id. at *1, *9. This court found that although some enhancement factors were "misapplied to the Defendant's convictions" the "remaining enhancement factors the trial court found [were] more than sufficient to support the Defendant's sentences." Id. at *10. Additionally, this court held that the trial court properly imposed partially consecutive sentencing "based on its finding that the Defendant was being sentenced for offenses committed while on probation" and the "severity of the offenses involved[.]" Id. at *11.

In 2013, the Petitioner filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. Elgene Porter v. State, No. M2012-011390-CCA-R3-PC, 2013 WL 1197730, at *1 (Tenn. Crim App. Mar. 26, 2013), perm. app. denied, (Sept. 11, 2013). The post-conviction court, after an evidentiary hearing, denied relief. Id. This court affirmed the denial, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. Id.

On January 27, 2020, the Petitioner filed a "Motion to Correct and/or Amend Sentence" pursuant to Tennessee Rules of Criminal Procedure 36.1. In the motion, the Petitioner appears to argue he was illegally sentenced as a violent offender, with a release eligibility of one hundred percent, for his aggravated kidnapping and aggravated rape convictions. The Petitioner contended that he was entitled to be sentenced as a Range I, Standard Offender with a release eligibility of thirty percent. On March 9, 2020, by written order, the trial court summarily denied the Petitioner's motion, reasoning, in pertinent part, that the Petitioner's 42-year sentence was within the range of sentencing permissible by the Sentencing Reform Act and that the Petitioner failed to state a colorable claim for Rule 36.1 relief. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

In this appeal, the Petitioner reiterates his claim that he was illegally sentenced as a violent offender with a release eligibility of one-hundred percent for his aggravated kidnapping and aggravated rape convictions, and that he was entitled to be sentenced as a Range I, Standard Offender with a thirty percent release eligibility. The State asserts that the dismissal of the Petitioner's motion was appropriate because he failed to state a colorable claim for relief under Tennessee Rules of Criminal Procedure 36.1. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

The Petitioner claims that his sentence is illegal because the trial court improperly classified him as a violent offender. However, it is well-established that an alleged error in offender classification should be raised on direct appeal.[1] See Cantrell v. Easterling, 346 S.W.3d 445, 449-53 (Tenn. 2011), perm. app. denied, (Tenn. Nov. 19, 2014) (distinguishing between "appealable errors" and "fatal errors" in sentencing and noting that "if a defendant is aggrieved by the trial court's determination that he is a multiple offender, he may raise this issue on direct appeal."); see also State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014) (explaining that Rule 36.1 provides a means for correcting an illegal sentence as finally imposed, not the methodology by which the sentence is imposed); State v. Robert B. Ledford, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015), perm. app. denied (Tenn. June 12, 2015) (stating that "an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute."). Accordingly, the Petitioner's claim is not within the purview of Tennessee Rule of Criminal Procedure Rule 36.1.

Additionally, the Petitioner's sentences for aggravated kidnapping and aggravated rape are within the statutorily authorized ranges for these offenses. The Petitioner correctly notes that he is a Range I, standard offender, a designation that would generally entitle him to a thirty percent release eligibility. "As with most general rules, however, there are exceptions." Davis v. State, 313 S.W.3d 751, 757 (Tenn. 2010). A defendant convicted of one of the felonies enumerated in Tennessee Code Annotated section 40-35-501(i)(2) is "not eligible for early release on parole[,]" regardless of their offender designation. Id.

---

[1] As previously noted, on direct appeal, the Petitioner challenged the length of his sentences and the imposition of partially consecutive sentencing. However, the Petitioner did not challenge his designation as a violent offender. State v. Elgene Porter, No. M2009-02443-CCA-R3-CD, 2011 WL 915673, at *1, *9 (Tenn. Crim. App. Mar. 14, 2011), perm. app. denied (Tenn. May 25, 2011).

Both aggravated kidnapping and aggravated rape are felonies enumerated in this section. Tenn. Code Ann. § 40-35-501(i)(2)(D), (F) (2020). "[O]n the uniform judgment document completed for each offense, release eligibility for most of these offenses is indicated by a box labeled 'Violent 100%.'" Id. The Petitioner's aggravated kidnapping and aggravated rape judgment forms follow this requirement. Accordingly, the Petitioner has failed to state a colorable claim under Rule 36.1, and he is not entitled to relief.

## CONCLUSION

Based on the above reasoning and authority, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE